K1UJRODP                          Plea

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                          19 Cr. 445-2 JMF

 5   PEDRO RODRIGUEZ,

 6              Defendant.

 7   ------------------------------x

 8

 9                                        January 31, 2020
                                          2:38 p.m.
10

11

12   Before:

13                  HON. JESSE M. FURMAN,

14                                        District Judge

15

16                        APPEARANCES

17

18   GEOFFREY S. BERMAN,
          United States Attorney for the
19        Southern District of New York
     RYAN B. FINKEL,
20        Assistant United States Attorney

21

22   MIEDEL & MYSLIWIEC
          BY:  FLORIAN MIEDEL, Esq.
23        Attorney for Rodriguez

24

25

K1UJRODP                    Plea

1              (In Open Court)

2              (Case Called)

3          THE COURT:  Good afternoon to you.

4          I have been advised that Mr. Rodriguez wishes to

5   change his plea and enter a guilty plea to Count 4 of the

6   Indictment 19 Cr. 445.  Is that correct?

7          MR. MIEDEL:  That's correct.

8          THE COURT:  All right.  Mr. Rodriguez, before I accept

9   your guilty plea, I need to ask you certain questions to ensure

10  that you are pleading guilty because you are, in fact, guilty

11  and not for any other reason, to ensure that you understand the

12  rights that you would be giving up by pleading guilty, and to

13  ensure that you understand the potential consequences of a

14  guilty plea.

15         It is critical that you understand each question

16  before you answer it, so if there is anything you don't

17  understand, you should let me know right away so that Mr.

18  Miedel or I can explain it to you more fully.  If at any point

19  you would like to speak to Mr. Miedel for any reason, let me

20  know and I will give you however much time you need to speak

21  with him.  Do you understand all of that?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Please rise so my Deputy can administer

24  the oath to you.

25             (The defendant was duly sworn)

K1UJRODP                    Plea

1           THE COURT:  You may be seated.

2           If you could move one of the microphones closer to

3    you, that would be great.  You are now under oath, Mr.

4    Rodriguez, which means if you answer any of my questions

5    falsely, you may be subject to prosecution for the separate

6    crime of perjury.  Do you understand that?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  What is your full name?

9           THE DEFENDANT:  Pedro Rodriguez.

10          THE COURT:  How old are you?

11          THE DEFENDANT:  I'm 31.

12          THE COURT:  How far did you go in school?

13          THE DEFENDANT:  I got my GED and some college credits.

14          THE COURT:  Some college?

15          THE WITNESS:  Yes.

16          THE COURT:  Have you ever been treated or hospitalized

17   for any type of mental illness?

18          THE DEFENDANT:  No, sir.

19          THE COURT:  Are you now or have you recently been

20   under the care of a doctor or a psychiatrist?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Can you tell me briefly what for?

23          THE DEFENDANT:  Well, I have been going to St. Marks

24   in the Village, Manhattan.  I have been going there for 8

25   months already.  No problem, everything is good.

K1UJRODP                    Plea

1          THE COURT:  Are you receiving mental health treatment

2    from them?

3          THE DEFENDANT:  Yes, as part of my bail stipulations.

4          THE COURT:  Can you tell me what, briefly what you

5    have been treated for, what kinds of condition?

6          THE DEFENDANT:  There is nothing really.  They just

7    sent me there for an evaluation, and I just kept going and I

8    felt I needed for someone to continue to treat me in case there

9    was something wrong, but there wasn't anything specific.

10          THE COURT:  Is there anything about the reasons you've

11    been going there or the treatment itself that would affect your

12    ability to understand what is happening here today?

13          THE DEFENDANT:  No, sir.

14          THE COURT:  Have you ever been treated or hospitalized

15    for any type of addiction, including drug or alcohol addiction?

16          THE DEFENDANT:  No.

17          THE COURT:  In the last 48 hours, have you taken any

18    medicine, pills, drugs or had any alcohol?

19          THE DEFENDANT:  No.

20          THE COURT:  Is your mind clear today?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Do you understand what is happening here

23    today?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  You have discussed this matter with Mr.

K1UJRODP                    Plea

1    Rodriguez?

2           MR. MIEDEL:  Yes.

3           THE COURT:  Would you say he understands the rights he

4    would be giving up by pleading guilty?

5           MR. MIEDEL:  Yes.

6           THE COURT:  In your judgment, is he capable of

7    understanding the nature of these proceedings?

8           MR. MIEDEL:  Yes, he is.

9           THE COURT:  Do either counsel have any doubt as to the

10   defendant's competence to plead guilty?

11          MR. FINKEL:  Not from the government.

12          MR. MIEDEL:  No, your Honor.

13          THE COURT:  On the basis of Mr. Rodriguez's responses

14   to my questions, my observations of his demeanor here in court,

15   and the representations of counsel, I find that he is fully

16   competent to enter an informed plea of guilty.

17          Mr. Rodriguez, have you received a copy of the

18   Indictment 19 Cr. 445 containing the charge to which you intend

19   to plead guilty?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Have you had enough time to discuss with

22   Mr. Miedel the charge, Count 4, and any possible defenses to

23   that charge?

24          THE DEFENDANT:  No.  This is the --

25          THE COURT:  Have you had enough time to talk it over

K1UJRODP                      Plea

1    with Mr. Miedel?

2              THE DEFENDANT:  Yes, we spoke about everything.

3              THE COURT:  Have you talked about the charges and any

4    potential defenses you could have to it before you go to trial?

5              You have had enough time to do that?

6              THE DEFENDANT:  Yes, adequate time.

7              THE COURT:  Has he explained to you the consequences

8    of entering a guilty plea?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Are you satisfied with his representation

11   of you?

12             THE DEFENDANT:  Yes.

13             THE COURT:  I have here a written Advice of Rights

14   form that you appear to have signed, dated today, January 30th.

15             I'll mark this as Court Exhibit 1 and provide it to

16   the government to retain after this proceeding.  If you can see

17   it from there, I'll show you Page 2 of that form.  Is that your

18   signature there?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  Before you signed that form, did you read

21   it?

22             THE DEFENDANT:  Yes, I read everything thoroughly.

23             THE COURT:  Before you signed it, did you discuss it

24   with Mr. Miedel?

25             THE DEFENDANT:  Yes.

K1UJRODP                    Plea

1          THE COURT:  Before you signed it, did he explain it to

2    you and answer any questions you may have about the form?

3          THE DEFENDANT:  Yes.

4          THE COURT:  I will go over many of the things that are

5    on the form to ensure you understand what you're doing and

6    consequences of what you're doing.  Let me know if there is

7    something you don't understand.

8          Under the Constitution and laws of the United States,

9    you have the right to plead not guilty to the charges in the

10   indictment.  Do you understand that?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  If you did plead not guilty, you would be

13   entitled to a speedy and public trial by a jury on those

14   charges.  Do you understand that?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  At that trial, you would be presumed to be

17   innocent, and you would not have to prove that you were

18   innocent.  Instead, the government would be required to prove

19   your guilt by competent evidence beyond a reasonable doubt

20   before a jury could find you guilty.

21         Do you understand that?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  In order to find you guilty, a jury of

24   twelve people would have to agree unanimously that you were

25   guilty.  Do you understand that?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  At that trial and at every stage of your

3    case, you would be entitled to be represented by a lawyer, and

4    if you cannot afford a lawyer, one would be appointed at public

5    expense, free of cost to represent you.

6          Do you understand that?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  During a trial, the witnesses for the

9    government would have to come to court and testify in your

10   presence, and your lawyer would have an opportunity to

11   cross-examine those witnesses and object to any evidence

12   offered against you.  You would also have the opportunity to

13   present evidence in your own defense and you would have the

14   right to have subpoenas issued or other process used to compel

15   witnesses to come to court and testify in your defense.

16         Do you understand all that?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  At a trial, you would also have the right

19   to testify, but you would have the right not to testify as

20   well.  If you chose not to testify, then no one, including the

21   jury, could draw any inference or suggestion of guilt from the

22   fact that you did not testify.  Do you understand that?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Before trial, you would also have an

25   opportunity, if you had not waived it, to seek suppression or

K1UJRODP                     Plea

exclusion of any evidence that the government would use against

you at a trial.  Do you understand that?

            THE DEFENDANT:  Yes, sir.

            THE COURT:  If you were convicted at a trial, you

would have the right to appeal that verdict and any pretrial

rulings I made in your case.  Do you understand that?

            THE DEFENDANT:  Yes.

            THE COURT:  If you plead guilty, you will also have to

give up your right not to incriminate yourself because I may

ask you questions about what you did in order to satisfy myself

that you are guilty as charged and you'd have to admit and

acknowledge your guilt.  Do you understand that?

            THE DEFENDANT:  Yes, sir.

            THE COURT:  If you plead guilty, and if I accept your

guilty plea, you will give up your right to a trial and the

other rights that we have just discussed, other than your right

to a lawyer which you keep whether or not you plead guilty, but

there will be no trial and I will enter a judgment of guilty

and sentence you on the basis of your plea after I have

received a presentence report prepared by the United States

Probation Department and any submissions that I get from your

lawyer and the lawyers for the government.

            There will be no trial with respect to whether you did

or did not commit the offense charged in Count 4 of the

indictment or with respect to whether the government could use

K1UJRODP                    Plea

1    the evidence that it has against you.

2              Do you understand all of that?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Even now as you are entering this plea,

5    you have the right to change your mind and plead not guilty and

6    to go to trial on the charges in the indictment.  Do you

7    understand that?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Do you understand each and every one of

10   the rights that I have just explained to you?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Are you willing to give up your right to a

13   trial and the other rights that we have discussed?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  Do you understand that you are charged in

16   Count 4 of the indictment with using and carrying a firearm

17   during and in relation to, or possessing a firearm in

18   furtherance of a crime of violence or a drug trafficking crime;

19   namely, the attempted robbery charged in Count 2 of the

20   indictment and the narcotics conspiracy charged in Count 3 of

21   the indictment, and that that is in violation of Title 18,

22   United States Code, Section 924(c)(1)(A)(i).  Do you understand

23   that that is the charge?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Mr. Finkel, would you please state the

1    elements of that offense.

2             MR. FINKEL:  Yes.  The elements of Count 4 the

3    government would need to prove beyond a reasonable doubt are:

4             First, that the defendant committed the elements of a

5    crime of violence or drug trafficking crime prosecutable in

6    federal court;

7             Second, the defendant knowingly used, carried or

8    possessed a firearm;

9             Third, the use or carrying of a firearm was during and

10   in relationship or possession of the firearm that was in

11   furtherance of the defendant's crimes of violence or the drug

12   trafficking crime.

13            With respect to the first element, that he committed

14   the elements of a crime of violence would be the attempted

15   Hobbs Act robbery.  The elements are:

16            First, the defendant attempted to obtain property from

17   another without that person's consent;

18            Second, the defendant did so by wrongful use of actual

19   or threatened force, violence or the like;

20            Third, as a result of the defendant's actions,

21   interstate commerce or an item moving in interstate commerce

22   was actually or potentially delayed, obstructed or affected in

23   any way or manner.

24            As to the drug trafficking crime as charged in Count

25   3, the elements are:

K1UJRODP                        Plea

1          First, two or more persons agree to violate the

2   federal drug laws;

3          Second, the defendant knew the essential object of the

4   conspiracy;

5          Third, the defendant knowingly and voluntarily

6   involved himself in the conspiracy; and

7          Fourth, there was interdependence among the members of

8   the conspiracy.

9          In addition, your Honor, the government will need to

10  prove venue by a preponderance of the evidence.

11         THE COURT:  Thank you.

12         Mr. Rodriguez, do you understand, with the exception

13  of the venue requirement that Mr. Finkel mentioned at the end;

14  that is, that something in connection with that crime occurred

15  here in the Southern District of New York, with that exception,

16  as to which the government's burden at a trial would be by a

17  preponderance of the evidence, the government to have to prove

18  the other elements that Mr. Finkel mentioned beyond a

19  reasonable doubt before a jury could find you guilty.

20         Do you understand that?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Let me tell you now about the maximum

23  possible penalties for this crime.  By "maximum," I mean most

24  that could be imposed upon you.  It doesn't mean that that is

25  the sentence that you will receive, but you do have to

K1UJRODP                        Plea

1    understand that by pleading guilty, you're exposing yourself to

2    a combination of punishments up to the statutory maximum.

3              Do you understand that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  First let me tell you about the possible

6    restrictions on your liberty.  The maximum term of imprisonment

7    for this crime is life in prison, which could be followed by up

8    to a five-year term of supervised release.

9              "Supervised release" means that you would be subject

10   to supervision by the Probation Department.  There would be

11   rules of supervised release that you would be required to

12   follow, and if you violated any of those rules, you could be

13   returned to prison to serve additional time without a jury

14   trial and without credit for either the time on your underlying

15   sentence or the time spent on post-release supervision.

16             Do you understand all that?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  You should understand there is no parole

19   in the federal system, which means that if you are sentenced to

20   prison, you would not be released early on parole.  There is a

21   limited opportunity to earn credit for good behavior, but if

22   you were sentenced to prison, you would have to serve at least

23   85 percent of the time to which you're sentenced.

24             Do you understand that?

25             THE DEFENDANT:  Yes, sir.

K1UJRODP                    Plea

1              THE COURT:  In addition to those restrictions on your

2      liberty, the maximum possible punishment also includes certain

3      financial penalties.

4              First, the maximum allowable fine is the greatest of

5      $250,000, twice the gross pecuniary or financial gain derived

6      from the offense or twice the gross pecuniary loss to someone

7      other than you as a result of the offense;

8              Second, I can order restitution to any person or

9      entity injured as a result of your criminal conduct;

10             Third, I can order you to forfeit all property derived

11     from the offense or used to facilitate the offense; and

12             Fourth, I must order a mandatory special assessment of

13     $100.00.

14             Do you understand those are the maximum possible

15     penalties?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  In addition, you should understand that

18     Count 4 carries a mandatory minimum penalty; that is, absent a

19     motion by the government, I would be required to impose at

20     least five years of imprisonment which must run consecutive to

21     any other term of imprisonment imposed.

22             Do you understand that?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Are you a citizen of the United States,

25     Mr. Rodriguez?

K1UJRODP                    Plea

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you understand if you were not a

3   citizen of the United States, that by pleading guilty, you

4   could expose yourself to adverse effects on your immigration

5   status?

6          For instance, you could be detained by the Immigration

7   authorities following the completion of your criminal sentence,

8   you could be removed from the United States, you can be denied

9   admission into the United States in the future, and you can be

10  denied citizenship in the United States.  Do you understand

11  that if you are not a citizen, those are the consequences that

12  follow?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Do you understand as a result of your

15  guilty plea, you may also lose certain available civil rights

16  in this country that you have or could otherwise obtain, such

17  as the right to vote, the right to hold public office, the

18  right to serve on a jury, and the right to possess any kind of

19  firearm.  Do you understand that?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  Are you serving any other sentence or

22  being prosecuted in any other court at this time?

23         THE DEFENDANT:  No, sir.

24         THE COURT:  Do you understand if your lawyer or anyone

25  else has attempted to predict what your sentence will be in

K1UJRODP                      Plea

1    this case, their predictions could be wrong.  Do you understand

2    that?

3              It is for you to understand that no one, not Mr.

4    Miedel, not the government's lawyers, no one can give you any

5    promise or assurance as to what your sentence will be in this

6    case.  That is because your sentence will be determined by me

7    and by me alone, and I'm not going to do that today.  Instead,

8    I will wait until I receive the presentence report from the

9    United States Probation Department that I mentioned earlier.

10   I'll do my own calculation of how the United States Sentencing

11   Guidelines apply to your case.  I'll consider any departures

12   from the guidelines range.  I will consider any submissions I

13   get from the lawyers, and I will ultimately consider the

14   factors that are set forth in a statute Title 18, United States

15   Code, Section 3553.  Do you understand all of that?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  Have you discussed that process with Mr.

18   Miedel?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Even if your sentence is different from

21   what your lawyer or anyone else has told you that it might be,

22   even if it's different from what you hope or expect it to be,

23   even if it's different from what may be in the plea agreement

24   we'll discuss in one moment, you will still be bound by your

25   guilty plea and you will not be allowed to withdraw your plea.

K1UJRODP                    Plea

1          Do you understand that?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  I understand that there is a written plea

4   agreement that you and your lawyer have entered into with the

5   lawyers from the government.  Is that correct?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  I have here the original letter plea

8   agreement, dated January 17th, 2020 from Mr. Finkel to Mr.

9   Miedel.  I'll mark this as Court Exhibit 2 and provide it to

10  the government to retain in its possession after this

11  proceeding.  I am showing you the last page of this agreement.

12  You appear to have signed this as well, dated today.

13          If you can see it from there, is that your signature

14  there?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Before you signed the plea agreement, did

17  you read it?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Before you signed it, did you discuss it

20  with Mr. Miedel?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Before you signed it, did he explain it to

23  you and answer any questions you may have had about the plea

24  agreement?

25          THE DEFENDANT:  Yes.

K1UJRODP                        Plea

1         THE COURT:  Before you signed it, did you fully

2    understand it?

3         THE DEFENDANT:  Yes, sir.

4         THE COURT:  Now, one of the features of this agreement

5    is that you and the government have agreed upon how the United

6    States Sentencing Guidelines apply to your case.  Do you

7    understand that?

8         THE DEFENDANT:  Yes, sir.

9         THE COURT:  You should understand that that agreement

10   is binding on you and it is binding on the government, but it

11   is not binding on me.  I have my own independent obligation to

12   determine what the correct guidelines range or guidelines

13   sentence is.

14        I am not suggesting that I will come up with a

15   different calculation than the one to which you have agreed,

16   but you do have to understand that by pleading guilty, or if I

17   did, that you would still be bound by your guilty plea and you

18   would not be allowed to withdraw your plea.

19        Do you understand that?

20        THE DEFENDANT:  Yes, sir.

21        THE COURT:  Another feature of this agreement is that

22   you have agreed to waive or give up any right to appeal or

23   otherwise challenge your sentence if your sentence is at or

24   below the stipulated guidelines sentence of 60 months

25   imprisonment.  That is the mandatory minimum, so barring a

K1UJRODP                   Plea

1    motion by the government, that is the sentence at least you

2    would receive.  Do you understand that if you receive that

3    sentence, that you would have no right to appeal or otherwise

4    challenge your sentence?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Does this written plea agreement

7    constitute the complete and total understanding of the entire

8    agreement between you and the government?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Has anything been left out of this written

11   plea agreement?

12             THE DEFENDANT:  No, sir.

13             THE COURT:  Other than what is written in this

14   agreement, has anyone offered you anything or made any promise

15   to you either to sign this plea agreement or to plead guilty?

16             THE DEFENDANT:  No, sir.

17             THE COURT:  Has anyone threatened you or forced you to

18   plead guilty or to sign this plea agreement?

19             THE DEFENDANT:  No, sir.

20             THE COURT:  Has anyone made a promise to you as to

21   what your sentence will be in this case?

22             THE DEFENDANT:  No, sir.

23             THE COURT:  Mr. Rodriguez, I would like you now to

24   tell me in your own words what you did that makes you believe

25   that you are guilty of the crime charged in Count 4.

K1UJRODP                    Plea

1          THE DEFENDANT:  On February 12, 2019, in Northern

2     Manhattan, I alone and others participated -- I participated in

3     a plan to rob drug dealers.  There was a gun that was going to

4     be used in the planned robbery, and I was in the car driving to

5     the robbery which contained the gun.  I knew the gun would be

6     used in the robbery and I knew my conduct was illegal and

7     wrong.

8          THE COURT:  Okay.  When you were driving in the car to

9     the actual planned robbery, in other words, you took a step in

10    connection with the plan to rob these drug dealers?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Is there any dispute, Mr. Miedel, that the

13    interstate commerce element is met by the fact that the

14    intended targets were drug dealers?

15         MR. MIEDEL:  Yes, your Honor, and I believe the gun

16    traveled in interstate commerce as well.

17         THE COURT:  Let me rephrase that.  I take it there is

18    no dispute that those elements are met.  Is that correct?

19         MR. MIEDEL:  There is no dispute.

20         THE COURT:  Are you aware of any valid defense that

21    would prevail at trial or any reason that the defendant should

22    not be permitted to plead guilty?

23         MR. MIEDEL:  No, your Honor.

24         THE COURT:  Mr. Finkel, are there any additional

25    questions that you'd like me to ask of Mr. Rodriguez?

K1UJRODP                    Plea

1          MR. FINKEL:  No.  Thank your Honor.

2          THE COURT:  Would you please proffer briefly what the

3    government's evidence would be and what it would show if the

4    defendant were to go to trial.

5          MR. FINKEL:  Yes, your Honor.

6          If this matter were to proceed to trial, the

7    government's evidence would include, among other things,

8    recordings between a co-conspirator of the defendants and

9    confidential source working for the government, in which the

10   robbery of drug dealers was set up, surveillance of the

11   defendant and co-conspirators in a car, and that car arriving

12   at the predetermined robbery location, the seizure of the

13   firearm wedged into the passenger's seat which was right next

14   to the defendant, and post-arrest statement by the defendant in

15   which he stated, among other things, in substance and in part

16   that he understood he was going to use a gun along with others

17   to rob weed and money.

18         THE COURT:  Do counsel agree there is a sufficient

19   factual basis for a guilty plea to Count 4?

20         MR. FINKEL:  Yes, your Honor.

21         MR. MIEDEL:  Yes.

22         THE COURT:  Do counsel know of any reason I should not

23   accept the defendant's plea of guilty?

24         MR. FINKEL:  No, your Honor.

25         MR. MIEDEL:  No, your Honor.

K1UJRODP                    Plea

1          THE COURT:  Mr. Rodriguez, because you acknowledge you

2     are, in fact, guilty as charged in Count 4 of the indictment,

3     because I am satisfied that you know of your rights, including

4     your right to go to trial, that you understand the consequences

5     of the guilty plea, including the sentence that could be

6     imposed upon you, and because I find that you are knowingly and

7     voluntarily pleading guilty, I accept your guilty plea and

8     enter a judgment of guilty on Count 4 of the indictment.

9          The Probation Department will want to interview you in

10    connection with the presentence report that they will prepare.

11    It is important that anything you say to the Probation

12    Department is truthful and accurate.

13         Among other things, that report is very important to

14    me in deciding what sentence to impose upon you.  Before

15    sentencing, you and Mr. Miedel will have an opportunity to

16    review the report.  I would urge you to review it with care.

17    If you find any mistakes in the report or anything that you

18    wish to bring to my attention in connection with your

19    sentencing, you share that with Mr. Miedel so that he can share

20    it with me, in turn.  Do you understand that?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Mr. Miedel, do you wish to be present in

23    connection with any interview?

24         MR. MIEDEL:  Yes, I do.

25         THE COURT:  I order no interview take place unless

K1UJRODP                    Plea

1    counsel is present.  Sentencing will be set for May 14th, 2020,

2    at 3:30 in the afternoon.  I direct the government to provide

3    the Probation Department with its factual description of the

4    offense within seven days.  The defense counsel must arrange

5    for the defendant to be interviewed by Probation within the

6    next two weeks.  In accordance with my individual rules and

7    practices, the defense submissions in connection with

8    sentencings are due two weeks prior to sentencing and the

9    government's submission is due one week prior to sentencing.

10            Now, that raises the question of the defendant's

11   remand or bail.  Does the government have a position on the

12   matter?

13            MR. FINKEL:  Yes, your Honor.  Pursuant to 18 U.S.C.

14   3143 (a)(2), the government believes remand is mandatory in

15   this matter.

16            THE COURT:  Mr. Miedel, I think it does fall within

17   the mandatory remand provision.  Is there any basis not to

18   remand the defendant?

19            MR. MIEDEL:  No, your Honor.

20            THE COURT:  I will order that the defendant be

21   remanded pending sentencing.  I think the Marshals are present,

22   certainly court security officers are, and we'll order that

23   they take custody of the defendant at this time.

24            Is there anything else?

25            MR. MIEDEL:  In light of that, Mr. Rodriguez's mother

K1UJRODP                    Plea

1   posted $5,000.00 bail at the initial bail proceeding, and I ask

2   that the bond be exonerated at this point.

3              THE COURT:  I think you need to submit that in

4   writing, and it requires a judge's actual wet signature in

5   order for it to be --

6              MR. MIEDEL:  I will.

7              THE COURT:  Look into that.  I don't know if it goes

8   to me or the Part One Judge, but if it goes to me, you know how

9   to find me.  Is there anything else?

10             MR. FINKEL:  Not from the government.

11             MR. MIEDEL:  No, your Honor.  Thank you.

12             THE COURT:  Thank you.  I will stay on the Bench for

13  the next matter.  We are adjourned.

14             (Court adjourned)

15

16

17

18

19

20

21

22

23

24

25